IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| | ) | FILE NO.  2:21-cv-1111 |
| v. | ) ) | |
| KIRKE MCKEAN, as Guardian of Margaret McKean's Estate; and GREGORY MCKEAN, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff Allstate Life Insurance Company ("Allstate"), by and through its attorneys, hereby states the following claim for interpleader. In support thereof, Allstate avers as follows:

## INTRODUCTION

1.

This is an interpleader action in which Allstate seeks a determination from the Court regarding the proceeds payable under a life insurance policy issued on the life of now-deceased Margaret A. McKean ("Decedent").

## PARTIES AND JURISDICTION

2.

Allstate is a corporation existing under the laws of the state of Illinois with its principal place of business in Northbrook, Illinois. Allstate is a citizen of Illinois.

3.

Defendant Kirke McKean was the Guardian of Decedent's Estate. Kirke McKean resides in and is a citizen of Ohio.

4.

Defendant Gregory McKean resides in and is a citizen of Pennsylvania. Gregory McKean was the beneficiary of the policy at issue.

5.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Allstate and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000.

6.

Venue is proper in this District pursuant to 28 U.S.C. § 1397 because at least one of the Defendants is domiciled in this judicial district.

## FACTS

7.

In 2009, Allstate issued GenBuilder Life Insurance Policy No. GB00021498 on the life of Margaret A. McKean (Decedent/Insured) (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

8.

The Policy had an Initial Death Benefit of $253,500.  *See* Ex. A.

9.

Defendant Gregory L. McKean was the named Beneficiary of the Policy. The Policy provides that the Beneficiary will "receive the death benefit when the insured dies and [Allstate] receives due proof of death" . . . "subject to the terms and conditions of [the Policy]."  Ex. A (Pol. at 10).

10.

The Policy also provided that Decedent/Insured could request to terminate (*i.e.*, surrender) the Policy in exchange for payment of the cash surrender value. Ex. A (Pol. at 13).

11.

In 2020, Margaret McKean was deemed incapacitated by the Pennsylvania Orphans' Court, and the court appointed Defendant Kirke McKean as Guardian of her Estate.  The order granted the Guardian of the Estate authority "to transfer, retitled, withdraw, or otherwise exercise dominion and control over [the insured's] assets, records, and accounts" at "[a]ll financial institutions, including without limitation banks, savings and loans, credit unions, and brokerages."  A true and correct copy of the Order is attached hereto as Exhibit B.

12.

On or after December 23, 2020, Allstate received a request from Defendant Kirke McKean (in his capacity as Guardian of Decedent/Insured's Estate) to surrender the Policy in exchange for payment of the cash surrender value. A true and correct copy of the December 2020 surrender request is attached hereto as Exhibit C.

13.

In early January 2021, before Allstate processed the surrender request, Decedent/Insured passed away.

14.

Defendant Kirke McKean maintains that he is entitled to the surrender value of the Policy based on the December 2020 surrender request.

15.

Defendant Gregory McKean maintains that he is entitled to the proceeds of the Policy because he is the Beneficiary of the Policy and, according to Defendant Gregory McKean, the guardianship terminated upon Decedent/Insured's death, and thus Allstate is no longer authorized to process the surrender request that was submitted prior to Decedent/Insured's death.

16.

Allstate seeks a judicial declaration regarding the Policy proceeds (*i.e.*, whether Allstate should pay Defendant Kirke McKean the cash surrender value or whether Allstate should pay Defendant Gregory McKean the death benefit).[1]

17.

Allstate has no interest in the Policy proceeds, is an innocent and disinterested stakeholder, and faces competing claims of Defendants.

## COUNT I

## INTERPLEADER

18.

Allstate hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

19.

Allstate is an innocent and disinterested stakeholder and is unable to determine which individual or entity may be entitled to the Policy proceeds.

20.

Based on the foregoing, there is presently an actual, justiciable controversy between Defendants as to their respective rights to the Policy proceeds.

21.

Allstate is a disinterested stakeholder and claims no title or interest in the Policy proceeds. Due to the adverse claims to the Policy proceeds, Allstate is at

---

[1] As used herein, "Policy proceeds" refers to the cash surrender value or the death benefit.

risk of suffering competing claims and has a good-faith concern of potential multiple liability in connection with the Policy proceeds. Unless these potentially adverse and conflicting claims to the Policy proceeds are resolved in a single proceeding pursuant to an appropriate court order, Allstate is subject to multiple litigation and is at a substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability for the Policy proceeds.

22.

Allstate seeks, by way of this interpleader claim, certainty regarding the parties' respective rights to receive the Policy proceeds.

23.

Allstate is an innocent party that wishes to distribute the Policy proceeds to the appropriate party.

24.

Allstate hereby unconditionally tenders the Policy proceeds. Allstate seeks to deposit the death benefit, plus interest, into the Court registry until the Court makes a determination as to the distribution of the Policy proceeds and issues a final non-appealable order. In the event the Court orders that Defendant Kirke McKean is entitled to the cash surrender value and that Defendant Gregory McKean is not entitled to the death benefit, Allstate respectfully requests that the Court disburse the remaining funds (*i.e.*, the funds in excess of the cash surrender value) to Allstate.

25.

Allstate is entitled to recover its costs and reasonable attorneys' fees from the Policy proceeds.

26.

Allstate reserves the right to defend remaining claims against it, if any, once an appropriate Court order is entered regarding the proper recipient of the Policy proceeds.

## **RELIEF REQUESTED**

Allstate asks that judgment of interpleader be entered in its favor and that:

(a) The Court order Defendants to interplead and settle their respective rights and claims to the Policy proceeds under the Policy without further involvement of Allstate;

(b) The Court enjoin and restrain Defendants from commencing or further prosecuting any other proceedings in any state or United States Court against Allstate on account of the Policy and/or the Policy proceeds;

(c) Allstate be fully and finally discharged and dismissed from this litigation and any and all liability in connection with, arising out of, or relating to this action, the Policy, and the Policy proceeds;

(d) The Court direct and declare the respective rights of Defendants with respect to the Policy proceeds, and direct and declare to whom the Policy proceeds should be made;

(e) Allstate be awarded attorneys' fees, disbursements, and all other proper costs and charges incurred in connection with this action; and

(f) The Court award such other and further relief as it may deem just and proper.

This 19th day of August 2021.

/s/ Jason P. Gosselin
Jason P. Gosselin
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: (215) 988-2700
Fax: (215) 988-2757
jason.gosselin@faegredrinker.com